# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| ROOT PARTNERS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-CV-00797-DGK |
| | ) | |
| ASHRAF MEDICAL GROUP, PLLC, d/b/a | ) | |
| PULSE-MD URGENT CARE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING DEFAULT JUDGMENT

This lawsuit stems from Defendant Ashraf Medical Group, PLLC, d/b/a Pulse-MD Urgent Care's ("Defendant") alleged failure to pay Plaintiff Root Partners, LLC ("Plaintiff"), fees under a contractual agreement for Plaintiff's advisory services. Defendant has not answered or otherwise defended this action. Because of this, the Clerk of the Court previously entered default against Defendant. ECF No. 9.

Now before the Court is Plaintiff's Motion for Default Judgment. ECF No. 10. For the reasons stated below, the motion is GRANTED.

### Standard

Federal Rule of Civil Procedure 55(b)(2) authorizes the Court to enter default judgment against a party for failure "to plead or otherwise defend" following a clerk's entry of default. *See* Fed. R. Civ. P. 55(a). In considering a motion for default judgment, the Court takes as true all factual allegations in the complaint, "except those relating to the amount of damages." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). If the resulting facts constitute a legitimate cause of action, the Court may enter default judgment against a defendant. *Id.*

## Background

Since Defendant has failed to defend this lawsuit, the Court takes all facts in Plaintiff's complaint as true. *See Murray*, 595 F.3d at 871. Plaintiff is a healthcare investment banking and transaction advisory firm that helps physicians and other healthcare providers prepare for and execute purchase and sale transactions. Defendant is a professional medical practice that offers urgent care services.

Plaintiff performed advisory services for Defendant under a September 6, 2024, agreement between non-party broker-dealer M&A Securities Group, Inc. ("M&A"), and Defendant. Defendant paid for the first set of advisory services in early 2025. On December 9, 2024, Defendant requested a revised agreement with M&A. In this agreement ("the Agreement"), which superseded the September 6, 2024, agreement, Plaintiff agreed to provide transaction advisory services to Defendant. The Agreement designated Missouri law as the governing law and stipulated venue and personal jurisdiction in this Court.

The Agreement required Defendant to pay Plaintiff for Plaintiff's advisory services as billed by monthly invoices or upon completion of Plaintiff's services. The invoices were due upon receipt, and balances outstanding for more than thirty days would incur a 1.5% service charge per month. The Agreement also provided that Defendant would owe Plaintiff a transaction fee if a transaction were to be consummated during the Agreement term or within eighteen months thereafter.

The Agreement further provided that either party to the Agreement could terminate the agreement at any time with or without cause by written notice. The termination provision entitles Plaintiff to prompt payment of fees payable prior to the termination and reimbursement of all out-

2

of-pocket expenses. On October 10, 2025, M&A assigned in writing its rights, including payment of fees and costs, under the Agreement to Plaintiff.

Plaintiff provided advisory services to Defendant in accordance with the Agreement and submitted monthly invoices for its services between January 6, 2025, and August 4, 2025 ("unpaid invoices"). Defendant made assurances that it would pay the invoices but has not made any payments for Plaintiff's services as billed by the unpaid invoices.

On September 16, 2025, Plaintiff and M&A gave written notice of termination to Defendant and demanded prompt payment of the unpaid invoices. On October 8, 2025, Plaintiff provided an invoice for work it did for the rest of August 2025. Defendant has not paid that invoice.

Plaintiff alleges breach of contract (Count I) and quantum meruit (Count II) for Defendant's failure to pay Plaintiff for the advisory services it provided under the agreement.

Defendant was served on October 17, 2025. Defendant failed to answer or otherwise defend the lawsuit, so the Clerk of the Court entered default against Defendant on December 15, 2025. ECF No. 9. Plaintiff seeks default judgment for $141,857.23 for non-payment of the outstanding invoices, 1.5% service charge, and attorneys' fees plus post-judgment interest at the highest applicable rate against Defendant. ECF No. 10.

## Discussion

After careful review of the record, the Court finds Plaintiff is entitled to default judgment on both of its claims. To establish a claim for breach of contract, Plaintiff must show the existence of a contract, that Plaintiff performed its duties under the contract, that Defendant breached the contract, and that Plaintiff incurred damages. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760

3

F.3d 843, 850 (8th Cir. 2014) (citing *Keveney v. Mo. Military Acad.*, 304 S.W.3d 98, 104 (Mo. 2010)). To establish a quantum meruit claim, Plaintiff must show it provided services to Defendant at Defendant's request, that the services had reasonable value, and that Defendant has failed to pay the reasonable value of the services. *See Cnty. Asphalt Paving, Co., Inc. v. Mosley Const., Inc.*, 239 S.W.3d 704, 710 (Mo. App. 2007).

Defendant entered into a valid contract with Plaintiff for Plaintiff's transaction advisory services, according to which Defendant agreed to pay Plaintiff as billed for Plaintiff's work. Plaintiff provided the contracted advisory services and billed Defendant according to the Agreement, but Defendant did not pay. Moreover, when Plaintiff terminated the Agreement, it was entitled under the Agreement to receive all outstanding payments and service fees. Defendant likewise failed to pay the outstanding payments and services at termination. Defendant is therefore liable for breach of contract and quantum meruit, and Plaintiff is entitled to default judgment for the amount Defendant owes Plaintiff for the contracted services ($108,712.50) plus the 1.5% service fee for outstanding payments ($13,497.40).

Concerning Plaintiff's request for attorneys' fees ($19,647.33), the Agreement contains a provision giving Defendant "sole responsibility" for "[a]ll of [Plaintiff's] costs associated with the collection of delinquent fees . . . including . . . attorney fees . . . ." ECF No. 1-2 at 9. Under Missouri law, contractual agreements for the payment of attorneys' fees are a recognized exception to the American Rule that parties pay their own attorneys' fees, which Missouri courts otherwise generally follow. *See Arrowhead Lake Ests. Homeowners Ass'n, Inc. v. Aggarwal*, 624 S.W.3d 165, 167 (Mo. 2021). Plaintiff is therefore entitled to its attorneys' fees.

4

As to Plaintiff's request for post-judgment interest at the highest applicable rate, "[p]ost-judgment interest is recoverable under Missouri law at an annual rate of nine percent." *Skylight Imaging Ltd., LLC v. Practecol, LLC*, No. 4:18-CV-02049 JCH, 2020 WL 4043045, at *3 (E.D. Mo. July 17, 2020); *see* Mo. Rev. Stat. § 408.040.2.

Accordingly, Plaintiff's motion for default judgment is GRANTED, and the Court enters default judgment in Plaintiff's favor in the amount of $141,857.23 plus post-judgment interest. Post-judgment interest on the principal judgment of $141,857.23 shall be calculated at the statutory rate of nine percent annually from the day this Order is entered until this judgment is satisfied.

**IT IS SO ORDERED.**

Date: ___June 3, 2026___                    /s/ Greg Kays_____
                                            GREG KAYS, JUDGE
                                            UNITED STATES DISTRICT COURT

5